Angela GEEHERN, Kenneth Geehern, on behalf of and as next friend to R., their minor child. Plaintiff–Appellant,

v.

BOARD OF EDUCATION OF THE TUXEDO UNION FREE SCHOOL DISTRICT, Carmine Antonelli, in his individual capacity, Defendants–Appellees.

No. 02–7509.

United States Court of Appeals, Second Circuit.

Dec. 23, 2002.

Stephen Bergstein, Thornton, Bergstein & Ullrich, Chester, New York, for Appellants.

Mark C. Rushfield, Shaw & Perelson, LLP, Highland, New York, for Appellees.

PRESENT: NEWMAN, KEARSE, and SACK, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of December, two thousand and two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The plaintiffs assert that the defendants, their adoptive daughter R.'s former high school principal, Antonelli, and the school district that administered that high school, violated the plaintiffs' constitutional right to direct their daughter's upbringing and education by: 1) revealing R.'s educational performance to her birth mother, and encouraging the birth mother to convince the plaintiffs to send R. to summer school; and 2) forcing the R. out of the school district of the plaintiffs' choice by harassing R. by, *inter alia*, Antonelli's following R. around the school building and asking R. to leave the building at Christmas time, shortly before she transferred to another school district.

The contours of a parent's right to direct a child's upbringing and education have not been comprehensively defined by the Supreme Court or by us. *See Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454 (2d Cir.1996). We nevertheless agree with the district court that whatever the precise nature and extent of the right, the actions complained of do not constitute a material intrusion upon it.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.